UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 05-84L |
| | : | |
| VICTOR K. OMATEHINSE | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Victor K. Omatehinse ("Defendant") is in violation of the conditions of his probation and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3565(a) and Fed. R. Crim. P. 32.1, a hearing was conducted on July 15, 2005. On July 15, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms and conditions of his probation. Based on that admission, I find that Defendant has violated probation. For the reasons stated herein, I recommend that Defendant's probation be revoked and that he be sentenced to a term of imprisonment of eight (8) months. I further recommend that Defendant be ordered to pay the outstanding fine balance of $2,660.00.

**Background**

On June 10, 1991, Defendant appeared for sentencing before the Honorable James C. Fox, United States District Judge for the Eastern District of North Carolina, after having pled guilty to one count of aiding and abetting fraud with identification documents and one count of aiding and abetting the transportation of a fraudulently obtained credit card. Defendant was placed on probation for a term of sixty (60) months with the following additional conditions: 1) that he reside in a community treatment

center for a period of time equal to the time already served as of June 10, 1991; 2) that he not possess a firearm or other dangerous weapon; 3) that he not incur any new credit charges or open additional lines of credit without the approval of his probation officer; and 4) that he provide the probation office with any requested financial information. The court imposed a $3,000 fine and $100 special assessment. Defendant's term of probation commenced on June 10, 1991, with a scheduled expiration date of June 9, 1996. In late July of 1991, Defendant's supervision was transferred to the District of Rhode Island.

A warrant for Defendant's arrest was issued by this court on June 24, 1993, which tolled the remaining balance of probation. The warrant was issued as a result of a Petition on Probation and Supervised Release (the "Petition") which was filed on or about June 17, 1993, by U.S. Probation Officer Bernard Manchester. The Petition alleged that Defendant was in violation of the standard conditions of probation in that he had failed to report to the probation officer, had failed to follow the instructions of the probation officer, and had failed to notify the probation officer within 72 hours of any change in employment or residence. The Petition further stated that Defendant's whereabouts were unknown. On or about July 13, 2005, Supervising U.S. Probation Officer Maureen Legault ("U.S.P.O. Legault") filed an Amended Petition for Offender Under Supervision (the "Amended Petition"). The Amended Petition alleged that Defendant had violated conditions #1, #2, #3, and #6 of the Conditions of Probation and Supervised Release which he executed incident to his sentencing in the Eastern District of North Carolina.

**The Violation**

The Probation Violation Report dated July 13, 2005 (the "Report"), filed in connection with the Amended Petition, alleges that Defendant has violated the following conditions of probation in the manner indicated:

**Condition #1: Defendant shall not leave the judicial district without permission of the court or probation office.**

The underlying warrant for arrest was issued by this court on June 22, 1993. Defendant was arrested on this warrant on June 21, 2005, in Atlanta, Georgia. Clearly, Defendant left this district without permission.

**Condition #2: Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

On or about April 7, 1993, Defendant absconded and remained at large until his recent arrest on June 21, 2005. During this time span, he failed to report as required and also failed to submit his monthly supervision reports.

**Condition #3: Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

Defendant was instructed to report in person to the probation office on April 7, 1993. Defendant failed to report as instructed and his whereabouts remained unknown for over twelve years.

**Condition #6: Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.**

Defendant absconded from probation supervision on or about April 7, 1993. He failed to advise the probation officer of his whereabouts, including his residence and/or employment.

**Travel**

On June 22, 1993, United States (now Senior) District Judge Ronald R. Lagueux ordered the issuance of a warrant for Defendant to appear to answer to the Petition. The warrant was executed on or about June 21, 2005, at Jonesboro, Georgia, by the U.S. Marshals Service. On July 14, 2005, Judge Lagueux ordered that

the Amended Petition supercede the Petition. Defendant appeared before this Magistrate Judge on July 15, 2005 to answer to the Amended Petition. At that time Defendant was informed of the grounds for the alleged violation. After being so advised, Defendant waived a violation hearing and, both personally and through counsel, admitted to violating conditions #1, #2, #3, and #6 of his probation. This admission satisfied the court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. The court then received sentencing recommendations from both the government and the defense and took the matter under advisement.

## Law

### Statutory Provisions

According to § 3565(a)(1) and (2) of Title 18 of the United States Code ("U.S.C."), if a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Fed. R. Crim. P. Rule 32.1, and after considering the factors set forth in § 3553(a)[1] to the extent that they are applicable,

---

[1] The § 3553(a) factors to be considered in imposing a sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
....

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

....

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to

continue probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence the defendant under subchapter A. The court may sentence a defendant up to the statutory maximum for the original offense. However, the court must consider the policy statements detailed in Chapter 7 of the sentencing guidelines. Since the maximum probation term was already imposed, it cannot be extended.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines

---

section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a) (2004).

("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, all of the violations charged are Grade C violations.

Pursuant to Section 7B1.3(a)(2) of the U.S.S.G., upon a finding of a Grade C violation, the court may revoke, extend, or modify probation. In this case the statutory maximum term of probation has already been imposed. Therefore, the court may not extend probation, but it may revoke or modify probation.

Section 7B1.3(b) provides that in the case of a revocation of probation, the applicable range of imprisonment is that set forth in §7B1.4 (Term of Imprisonment).

Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of probation with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. Should the court find that Defendant has committed a Grade B or C

violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of probation with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

According to Section 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there is an outstanding fine balance in the amount of $2,660.

Section 7B1.3(e) of the U.S.S.G. states that when the court revokes probation and imposes a term of imprisonment, it shall increase the term of imprisonment determined above by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation violation warrant or proceeding.

Section 7B1.3(g)(1) of the U.S.S.G. provides that where probation is revoked and a term of imprisonment is imposed, the provisions of §§5D1.1-1.3 shall apply to the imposition of a term of supervised release. Section 5D1.1(a) states that if a sentence of imprisonment of more than one year is imposed, the court shall order a term of supervised release to follow imprisonment. Subsection (b) provides that the court may order a term of supervised release in any other case. Section 5D1.2 states that if a term of supervised release is imposed, the

length shall be between three and five years for a defendant convicted of a class A or B felony; between two and three years for a defendant convicted of a class C or D felony; or one year for a defendant convicted of a class E felony or class A misdemeanor. In this case, Defendant was convicted of a Class E felony (count 3) and the maximum statutory term of supervised release that may be imposed for that count is not more than one year. Defendant was also convicted of a Class C felony (count 4) and the maximum statutory term of supervised release that may be imposed for that count is not more than three years. Thus, if a term of supervised release is imposed, the guideline term shall be between two and three years.

Pursuant to Section 7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of I at the time of sentencing. The Revocation Table contained in Section 7B1.4(a) of the U.S.S.G. provides that for a Grade C violation with a criminal history category of I an imprisonment range of three to nine months is warranted.[2]

Section 7B1.5(a) of the U.S.S.G. states that, upon revocation of probation, no credit shall be given (toward any term of imprisonment ordered) for any portion of the term of probation served prior to revocation.

**Discussion**

**Recommendations By Government and Defense**

The government recommended a sentence of nine months, the top end of the guideline range. In making this recommendation, the government noted that during the twelve years that have

---

[2] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

elapsed since the warrant was issued Defendant has engaged in new criminal conduct. He has been charged three times with driving under the influence, resulting in at least two convictions (the disposition of one of the charges is unavailable). Defendant was recently convicted of forgery involving a financial transaction card and giving false information to a police officer, apparently stemming from a single incident which resulted in his arrest on June 1, 2005. In addition, the government noted that Defendant went to considerable lengths to avoid apprehension by using aliases and false identification to conceal his true identity.

Defense counsel argued that Defendant is facing deportation and that a sentence at the low end of the guideline range is appropriate. He noted that such a disposition would have the effect of speeding Defendant's departure from this country, apparently suggesting that the burden on the taxpayers in paying for Defendant's incarceration would thereby be reduced.

Defendant declined the opportunity to speak.

**Recommendation by Court**

After receiving the above recommendations, the court addressed Defendant. The court told Defendant that when it first looked at his file the court was struck by the fact that more than twelve years had elapsed since the warrant was issued. This fact initially gave the court the impression that Defendant had led an exemplary life since that time, and the court was concerned by the prospect of having to recommend a period of some incarceration as punishment for absconding from probation. However, this concern disappeared after the court read further and learned that Defendant had been convicted of new criminal activity on at least three (if not four) occasions during the past twelve years.

The three charges of driving under the influence were especially disturbing to the court, particularly because Defendant had been convicted in 1985 of that same offense. The

court stated that it did not consider driving under the influence to be a mere traffic offense and that Defendant on those occasions had put in danger not only his own life but also the lives of innocent people. Defendant's repeated violation of the laws prohibiting the operation of a motor vehicle while intoxicated demonstrates a disregard for the requirements of the law.

The new charges of which Defendant was recently convicted involved fraudulent activity similar to the original charge for which Defendant was placed on probation. This indicated to the court that Defendant has not been rehabilitated.

The court rejected the argument that because Defendant was going to be deported the court should save the taxpayers' money by recommending a short sentence. Doing so would send the wrong message. It would suggest that persons on probation can abscond with little or no consequence. Consideration must be given to the need that the sentence imposed have a deterrent effect. Accordingly, the court informed Defendant that it would recommend a sentence of eight (8) months.

Lastly, the court explained that did not recommend the sentence of nine (9) months requested by the government because Defendant had waived a violation hearing and admitted to the violation. It has been the practice of this Magistrate Judge to give defendants the benefit of a slight reduction in the sentence recommended when they waive a hearing and admit to the violation.

**Conclusion**

After considering the factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant's probation be revoked and that he be sentenced to a term of imprisonment of eight (8) months. I further recommend that Defendant be ordered to pay the outstanding fine balance of $2,660.00.

Any objection to this Report and Recommendation must be

specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 22, 2005